UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)  Case No.: 25-CR-10334-MJJ<br>v. )<br>)<br>STEVEN WAYNE TOMPKINS, )<br>Defendant. )<br>)<br>) | |

**PROTECTIVE ORDER**

1.  Pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116.5, the government submits and the defendant does not at this time contest, that good cause exists for the following protective order in regard to certain discovery in this case.

2.  The government is allowed to produce those records containing personal identifying information ("PII") as described in Fed. R. Crim. P. 49.1, including addresses, dates of birth, social security numbers, and bank account numbers, to defense counsel in an unredacted form (the "CONFIDENTIAL Materials"). No party may disclose any of the CONFIDENTIAL Materials, in any court filings, without first redacting all PII. CONFIDENTIAL Materials as defined herein includes both the records containing PII and the information contained within those records. CONFIDENTIAL Materials will be produced to the defendant with a designation of "Confidential" printed on the top of the page of any such CONFIDENTIAL Materials.

3.  Defense counsel may not disclose CONFIDENTIAL Materials to anyone other than their office staff (paralegals, administrative assistants, and law clerks), attorneys working under their direction, investigators working under their direction, experts that they have retained, and the defendant (the "Exempted Persons"). Defense counsel must ensure that the

Exempted Persons do not disclose the CONFIDENTIAL Materials to anyone else. Before being shown or provided the CONFIDENTIAL Materials, the defendant must be informed of and agree in writing by signing Exhibit A to the Protective Order to be bound by, the requirements of the Protective Order. Defense counsel must maintain a copy of the signed Exhibit A for the defendant in their case file for this matter. Defense counsel and the defendant shall access and use the CONFIDENTIAL Materials for the sole purpose of preparing for trial or any related proceedings in this case. The defendant is not allowed to disseminate or further disclose any CONFIDENTIAL Materials for any purpose or at any time.

4.     Defense counsel may review the CONFIDENTIAL Materials with a witness or potential witness in this case. Before being shown any portion of CONFIDENTIAL Materials, any witness or potential witness must be informed of, and agree in writing by signing Exhibit A to the Protective Order to be bound by, the requirements of the Protective Order. No witness or potential witness may retain CONFIDENTIAL Materials, or any copy thereof, after his or her review of those materials with defense counsel is complete. Defense counsel must maintain a copy of the signed Exhibit A in their case file for any witnesses who review CONFIDENTIAL Materials.

[CONTINUED ON FOLLOWING PAGE]

5.     Upon the final disposition of this case, any CONFIDENTIAL Materials shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in defense counsel's files shall remain subject to the Protective Order unless and until such order is modified by court order.

SO ORDERED.

Date: October 3, 2025

/s/ M. Page Kelley
HONORABLE M. PAGE KELLEY
U.S. MAGISTRATE JUDGE

## AGREEMENT TO BE BOUND BY ORDER

    I hereby acknowledge that I have read the contents of the above protective order entered in *United States v. Steven Wayne Tompkins*, Case No. 25-CR-10334-MJJ, and have had the terms explained to me. I agree that the order applies to me, that I am bound by its terms, and that I shall comply with its terms.

_____
PRINTED NAME

_____
SIGNED NAME

_____
DATE