UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN W. TOMPKINS<br>Defendant | )<br>)<br>)<br>)<br>)<br>)    No. 25-CR-10334-MJJ<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION FOR LEAVE TO SEAL AND PARTIALLY PROCEED *EX PARTE* ON HIS MOTION FOR ISSUANCE OF A
RULE 17(C) SUBPOENA DUCES TECUM**

Defendant Steven W. Tompkins, by and through undersigned counsel, hereby respectfully moves this Honorable Court for leave to seal and to partially proceed on an *ex parte* basis on his Motion for Issuance of a Rule 17(c) Subpoena Duces Tecum. Mr. Tompkins respectfully requests this Honorable Court to allow him to file his Motion, which discloses the identities of potential witnesses in this case as well as documents received in discovery, under seal for, at minimum, a period of fourteen days to allow the recipient of the subpoena the opportunity to review the Motion and, upon review, object to its unsealing, and to allow Mr. Tompkins to file his relevance and materiality arguments in support of his Motion on an *ex parte* basis in order to prevent the unwarranted and premature disclosure of his trial strategy and trial preparation.[1] If allowed to partially proceed *ex parte*, Mr. Tompkins will serve a redacted Motion on the government and will provide the unredacted originals to this Honorable Court. Further, if this Honorable Court permits,

---

[1] This Honorable Court permitted the same procedure in *United States v. Zangrillo*, No. 19-cr-10080-NMG, Docket No. 431, granting the defendant leave to proceed *ex parte* and sealing the underlying motion for at least fourteen days to allow the subpoena recipient to review the subpoena and object to its unsealing.

the defendant will provide a copy of the Motion, including the portions he wishes to file *ex parte*, to assist the Court in making this preliminary ruling.

Courts have repeatedly held that a motion for Rule 17(c) subpoena may be submitted and considered on an *ex parte* basis where disclosure would: (1) "divulge trial strategy, witness lists or attorney work-product"; (2) "imperil the source or integrity of subpoenaed evidence"; or (3) "undermine a fundamental privacy or constitutional interest of the defendant." *United States v. Beckford*, 964 F. Supp. 1010, 1030 (E.D. Va. 1997); *see also United States. v. Clason*, No. 05-CR-870, 2007 WL 1259138 (D. Ariz. Apr. 23, 2007) (following *Beckford*); *United States. v. Johnson*, 04-CR-017, 2004 WL 877359 (E.D. La. Apr. 23, 2004) (same); *United States v. Kanodia*, No. 15-CR-10131, Dkt. 66 (D. Mass. Dec. 3, 2015) (allowing defendant to proceed ex parte and under seal on his request for Rule 17(c) subpoenas); *United States v. Zangrillo*, No. 19-cr-10080-NMG, Dkt. 431 (D. Mass. June 21, 2019); *United States v. Kaufman*, 2025 WL 1994617, at *2 (D. Mass. July 17, 2025) (collecting cases). Finding otherwise would unconstitutionally force the defendant to choose between divulging trial strategy and foregoing his Sixth Amendment right to subpoena evidence in his favor. *See Beckford*, 964 F. Supp. At 1027; *see also United States v. Daniels*, 95 F. Supp. 2d 1160, 1163 (D. Kan. 2000).

To the extent the government objects to a partially *ex parte* filing solely to oppose issuance of the underlying Rule 17(c) subpoena, the objection should be overruled and this Honorable Court should accept and consider the defense's *ex parte* submission consistent with the relevant precedent above. *See e.g., Kaufman*, 2025 WL 1994617, at *4 ("[t]he court is not persuaded by the government's contention that the court will not be able to apply the *Nixon* factors without the government's input."); *see also United States v. Tomison*, 969 F. Supp. 587, 594 (E.D. Cal. 1997) ("it is the responsibility of the court, not the opposing party, to ensure that a subpoena secured

under Rule 17(c) is for a proper purpose."). Indeed, it is unclear that the government even has standing to challenge a subpoena directed to a third-party corporate custodian. Standing to quash a non-party subpoena generally exists only where the movant asserts a privilege or personal right in the materials, neither of which applies in this case. *See United States v. Nachamie*, 91 F. Supp. 2d 552, 558–60 (S.D.N.Y. 2000) (collecting cases).

Here, the disclosure of why Mr. Tompkins believes the requested documents are relevant and material to his defense, a requirement pursuant to *United States v. Nixon*, 418 U.S. 683 (1974), would reveal his trial strategy, trial preparation, and his anticipated defenses. The government will not be prejudiced by Mr. Tompkins' partial *ex parte* filing. The government has an equal ability to seek pre-trial production of evidence without divulging trial strategy to the defense. *See Beckford*, 964 F. Supp. at 1028 ("[Rule 17(c)] is unqualifiedly even-handed in its approach to applications from defendants and the Government.") (citation omitted)).

**WHEREFORE**, Mr. Tompkins respectfully requests this Honorable Court to allow him to file his Motion under seal and keep it sealed for, at minimum, a period of fourteen days to allow the recipient of the subpoena the opportunity to review the Motion and, upon review, object to its unsealing and to file his relevance and materiality arguments in support of his Motion on an *ex parte* basis..

## COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Undersigned counsel conferred with counsel for the government, who oppose the defendant's request to seal and partially proceed *ex parte* as well the issuance of the underlying Rule 17(c) subpoena.

Respectfully Submitted,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, October 9, 2025, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg