UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | No. 25-CR-10334-MJJ |
| STEVEN WAYNE TOMPKINS, Defendant | ) ) ) ) ) | |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR HEARING REGARDING POTENTIAL ATTORNEY CONFLICT

Now comes the defendant Steven Tompkins, by and through undersigned counsel, and respectfully submits this Response to the government's Motion for Hearing Regarding Potential Attorney Conflict. The government cites no precedent for its suggestion that a professional relationship between two attorneys who are not members of the same law firm can give rise to a conflict. The undersigned counsel owes no duty of loyalty to clients of the attorney for "Individual A" and speculation that he would "pull[] [his] punches" and betray his responsibilities to the defendant because he has a professional relationship with a witness's attorney is illusory and illogical. Further, undersigned counsel has never represented Individual A and owes no ethical obligations to him; to the contrary, all of undersigned counsel's ethical, legal, and professional obligations are to represent his client, alone, without any perceived or actual limitation to the discharge of such constitutionally important responsibilities. Alternatively, if the Court perceives any potential conflict that might exist, it is waivable (as the government does not dispute), and Mr. Tompkins, after review of the government's Motion and

1

discussion with undersigned counsel, has unequivocally stated his intent to waive any conflict and desire for undersigned counsel to continue to represent him.

The government cites absolutely no authority for its suggestion that a defense attorney's professional relationship with an attorney for an alleged victim can create a conflict of interest within the meaning of Rule 1.7.  Rather the caselaw cited by the government arose from starkly different circumstances far closer to the heartland of the conflict rules.  *See United States v. Laureano-Perez*, 797 F.3d 45, 56 (1st Cir. 2015) (defense counsel "was being paid by . . . the leader of the drug organization connected to [defendant's] arrest," such that "the potential for a conflict of interest was obvious"); *United States v. Lanoue*, 137 F.3d 656, 663 (1st Cir. 1998) (defense counsel had represented co-defendant during prior joint trial in which co-defendant was acquitted); *United States v. Abdelaziz*, No. 19-CR-10080, 2020 WL 618697, at *1-2 (D. Mass. Feb. 10, 2020) (law firm representing defendant also represented a potential witness against him in a related case and represented the alleged organizational victim in unrelated matters); *United States v. Arias*, 351 F. Supp. 3d 198, 199 (D. Mass. 2019) (defense counsel "currently represent[ed]" cooperating witness in unrelated case).

The matter in which undersigned counsel represented Attorney A was dismissed by the government nearly nine years ago.  The two matters are entirely unrelated and, therefore, do not give rise to any conflict under Rule 1.9 (applicable to former clients).  *See* Mass. R. Prof'l Conduct 1.9(a) (conflict limited to representation "in the same or a substantially related matter").  Nor would any duty to a former client, Attorney A, extend to a client of Attorney A making the former representation completely irrelevant for purposes of the matter *sub judice*.

The mere fact that undersigned counsel and Attorney A have had two cases in common over the course of the ensuing years (one as co-counsel, the other as attorneys for two co-defendants) is utterly unremarkable.[1]  Nothing about the Rules of Professional Conduct or commentary thereto suggests that this circumstance creates a potential conflict of interest.  *Cf.* Mass. R. Prof'l Conduct 1.7, Comment 11 (acknowledging possibility of waivable conflict where "lawyers representing different clients in the same matter or in substantially related matters are ***closely related by blood or marriage***" (emphasis added)).  Undersigned counsel has practiced in this Court for many decades and is well aware of his obligation to advocate zealously for his client, Mr. Tompkins.  Undersigned counsel assures the Court that he will not "pull[] [any] punches" in his cross-examination of Individual A, an immunized and adversarial government witness, as a result of his working relationship with Attorney A on other cases.  Motion at 6.

The fact that undersigned counsel moved for admission of Individual A's lay opinion testimony (which the Court excluded) in the *O'Donovan* matter does nothing to change the analysis.  Undersigned counsel does not anticipate that Individual A's proffered testimony in *O'Donovan* "about customs and practices in the [cannabis] industry, including with respect to lobbying," *United States v. O'Donovan*, No. 22-CR-10141 (D. Mass.), Dkt. 71 at 3, will be pertinent in any respect to the present matter.  Individual A's testimony at Mr. O'Donovan's sentencing hearing regarding the valuation of a company seeking cannabis licensure, which as the government acknowledges was prepared and elicited by Attorney A (not undersigned counsel) is even further afield.  Importantly, undersigned counsel does not represent, and has

---

[1] In addition, the undersigned and Attorney A are co-counsel in a state misdemeanor case with subject matter completely unrelated to the above-captioned matter.

3

never represented, Individual A. Accordingly, the government's citation to rules and comments related to concurrent conflicts of interest between multiple clients of the same attorney is inapposite. There is simply no ethical prohibition preventing or limiting the cross-examination of a witness called at a prior case who, in a far different context, is a fact witness on issues extrinsic to the current case and other than precluding the minimally relevant question of a total lack of familiarity with the witness will cause no other limitation to the defendant's constitutional right to confrontation of witnesses and to counsel of his choice.

For all of the reasons set forth *supra*, undersigned counsel has no conflict in this matter. With that said, undersigned counsel shared the government's filing with Mr. Tompkins, who has reviewed the filing in its entirety. Mr. Tompkins has reaffirmed after such review and discussion with counsel that he is willing to waive any potential conflict (assuming the Court finds one), and that it is his unwavering desire that undersigned counsel remain his counsel of choice in this important matter. Accordingly, the defense does not believe a hearing is required. In the event the Court disagrees, however, undersigned counsel will gladly provide the defendant's affidavit attesting to these facts or, in the alternative, if the Court in its discretion believes a waiver on the record is required, attend a hearing with the defendant who is prepared to waive the potential conflicts that are identified by the government in yesterday's filing.

        Respectfully Submitted,
        STEVEN TOMPKINS
        By His Attorney,

        **/s/ Martin G. Weinberg**
        Martin G. Weinberg, Esq.
        Mass. Bar No. 519480
        20 Park Plaza, Suite 1000

Boston, MA 02116  
(617) 227-3700  
owlmgw@att.net

Dated: October 15, 2025

## CERTIFICATE OF SERVICE

    I, Martin G. Weinberg, hereby certify that on this date, October 15, 2025, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

<b>/s/ Martin G. Weinberg</b>  
Martin G. Weinberg, Esq.