UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | CRIMINAL No. 25-CR-10334 |
|---|---|
| v. | |
| STEVEN WAYNE TOMPKINS | |
| Defendant | |

**OPPOSITION TO DEFENDANT'S MOTION FOR
LEAVE TO SEAL AND PARTIALLY PROCEED *EX PARTE*
ON HIS MOTION FOR ISSUANCE OF A RULE 17(C) SUBPOENA DUCES TECUM**

Now comes the United States of America and hereby opposes Defendant's Motion for Leave to Seal and Partially Proceed *Ex Parte* On His Motion for Issuance of a Rule 17(c) Subpoena Duces Tecum (Docket No. 25). For the reasons stated below, the motion should be denied.

The defendant's motion should be denied because (i) he provides no basis for proceeding *ex parte* and under seal, other than vague, conclusory assertions; (ii) without such a basis, there is a risk the defendant is attempting to impermissibly circumvent the discovery rules; and (iii) the defendant's motion is untimely and premature.

### ARGUMENT

**A. The Defendant Has No Basis for An *Ex Parte*/Sealed Rule 17(c) Motion**

First, the Court should reject the defendant's motion because he provides no basis for an *ex parte* motion other than stating in conclusory and vague terms that his filing will "reveal his trial strategy, trial preparation, and his anticipated defenses." While the government certainly recognizes it has no right to counsel's work product or to learn about communications with the

defendant, the defendant offers no information about the categories or types of documents he seeks; or the types of entities from which he seeks records. The defendant does not elucidate even in general terms the circumstances or nature of the information being sought. *See, e.g.*, *United States v. Turner*, 2025 WL 678536, at *3 (W.D. Va. Mar. 3, 2025) ("[M]ere conclusory statements that disclosure of the Rule 17(c) motion will reveal trial strategy is insufficient."); *accord United States v. Smith*, 2020 WL 5763841, at *1 (E.D. Cal. Sept. 28, 2020) (denying Rule 17(c) *ex parte* request where "defendant states in conclusory fashion that he seeks *ex parte* disclosure . . . to not provide the nature of the defense or investigation.") (internal citations omitted).

The lack of a basis for the defendant's motion is especially troubling in view of the usual prohibition on *ex parte* proceedings for motions filed with the Court. *See U.S. ex rel. Lafond v. L-3 Commc'ns SSG Tinsley, Inc*, 2013 WL 1414235, at *1 (D. Mass. Apr. 8, 2013) ("*Ex parte* motions, especially those filed under seal, are disfavored. 'Our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'") (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 423, 438–39 (1974)); *see also United States v. Ventola*, 2017 WL 2260065, at *2 (D. Mass. May 23, 2017).

The defendant's lack of any basis here is exactly why such *ex parte* proceedings are disfavored to avoid the government being left with no "reasonable notice" nor "an opportunity to be heard" before the Court acts on the defendant's requests. *See U.S. ex rel. Lafond*, 2013 WL 1414235, at *1. Striking the proper balance between inadequate disclosure and disclosure that would reveal defense strategy requires more than reciting boilerplate assertions of privilege.

## B. The Defendant Cannot Use This Motion and Rule 17(c) Subpoenas to Circumvent Discovery Rules

Second, and because the defendant has provided no basis for proceeding *ex parte* and under seal, there is the risk that the defendant seeks Rule 17(c) subpoenas to improperly circumvent the discovery rules. Rule 17(c) is not to be used to obtain discovery. *See United States v. Nixon*, 418 U.S. 683, 698 (1974) (holding that Rule 17(c) "is not intended to provide a means for discovery in criminal cases"); *United States v. Henry*, 482 F.3d 27, 30 (1st Cir. 2007); *United States v. Merchia*, 2024 WL 1676842, at *2 (D. Mass. Apr. 18, 2024) ("Courts invariably define Rule 17 in the negative: subpoenas are not discovery devices or investigatory tools.") (internal citations and quotations omitted).

The Court is well-familiar with the requirements for a Rule 17(c) subpoena, having ruled on extensive litigation in the matter of *United States v. Zangrillo*, 2020 WL 1027815, at *5 (Mar. 3, 2020 D. Mass):

> A district court has discretion to allow a request for a 17(c) subpoena if the defendant shows that the documents sought are relevant and evidentiary; that they are not otherwise procurable before trial by exercise of due diligence; that the defendant cannot properly prepare for trial without such production and inspection in advance of trial; and that the application is made in good faith and is not a "fishing expedition." *Id*. at 699-700. In short, a party seeking a 17(c) subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id*. at 700; *see United States v. LaRouche Campaign*, 841 F.2d 1176, 1180 (1st Cir. 1988) (referring to "threshold showing of admissibility, relevancy, and specificity"). The Supreme Court has stated that "[a] subpoena for documents may be quashed if their production would be 'unreasonable or oppressive,' but not otherwise." *Nixon*, 418 U.S. at 699 (quoting Rule 17(c)).

Thus, Rule 17(c) is "not intended to provide a means of discovery in addition to that provided by Fed. R. Crim. P. 16." *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980) (internal citations omitted). Moreover, "[i]nformation sought for the sole purpose of

3

impeachment is not evidentiary, and therefore not subject to pretrial disclosure under Rule 17(c)." *United States v. Rigas*, 2011 WL 7077329, at *4 (M.D. Pa. Oct. 31, 2011); *United States v. Avenatti*, 2020 WL 508682, at *4 (S.D.N.Y. Jan. 31, 2020) ("Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*.") (internal citation omitted).

In order to show that the defendant's Rule 17(c) subpoena request is not a fishing expedition, he is required to meet the three prerequisites stated above. This includes the defendant's burden of making a "sufficiently preliminary showing" that the subpoenaed material "contains evidence admissible with respect to the offenses charged in the indictment." *United States v. Castro-Ward,* 385 F. Supp. 3d 156, 159 (D.P.R. 2018); *see also United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006). Given the lack of a basis here for the defendant's request, and the inability of the government to meaningfully challenge its contents given its *ex parte* nature,[1] there is a real risk of the defendant thwarting the discovery rules and using Rule 17(c) as a discovery or investigative tool.

**C. The Defendant's Motion Is Untimely and Premature**

Third, the defendant's motion is untimely and premature. Rule 17(c) is clearly a mechanism to gather evidence and documents in preparation for trial. *See United States v. Nshimiye*, 761 F. Supp. 3d 227, 235 n.2 (D. Mass. 2024) ("Rule 17(c) is intended exclusively for trial or a formal hearing.") (citation omitted). A trial date has not been set yet in this case and the parties only appeared for an initial status conference before the Court last week on October 16,

---

[1] *See United States v. Wittig*, 250 F.R.D. 548, 551 (D. Kan 2008) (finding that the government had standing to object to the issuance of defendant's proposed Rule 17(c) subpoena).

2025. As the government advised the Court, it anticipates producing further discovery to the defendant by October 31, 2025. Therefore, the defendant's motion is premature. This case is distinguishable from *United States v. Kaufman*, 2025 WL 1994617 (D. Mass. July 17, 2025), where the Court allowed the defendant to file Rule 17(c) subpoena requests *ex parte*. Unlike this case, in *Kaufman,* the matter had already been set for trial before the Rule 17(c) subpoenas were sought only weeks before trial. *Kaufman*, 2025 WL 1994617, at *1. In contrast, defendant's request is untimely and premature. The defendant only made his initial appearance in this Court on this case approximately two months ago, there is further government discovery to be produced and there is no trial date yet set.

Finally, should the Court allow the defendant to proceed *ex parte* as he urges, the government should be allowed to inspect the Rule 17(c) responsive materials substantially ahead of trial to ensure adequate preparation. *See* Fed. R. Crim. P 17(c)(1) ("When the [17(c)] items arrive, the court may permit the parties and their attorneys to inspect all or part of them."); *see also Turner*, 2025 WL 1062511, at *4 (allowing government to inspect Rule 17(c) responsive documents because, "it does not follow that the defendant is entitled to strategic advantage or tactical surprise") (citation omitted). Furthermore, the government respectfully requests that the Court direct the defendant to serve its *ex parte* motions on the government if the Court finds that proceeding *ex parte* is not justified. *Nshimiye*, 761 F. Supp. 3d at 235 n.9 ("[T]he court reserves the ability to conclude otherwise upon review of the *ex parte* motion and, if warranted, direct the defendant to serve the motion on the government."); *see also United States v. Beckford*, 964 F. Supp. 1010, 1031 (Ed. Va. 1997).

## CONCLUSION

For all of those reasons stated herein, the United States respectfully requests that the Court deny Defendant's Motion for Leave to Seal and Partially Proceed *Ex Parte* On His Motion for Issuance of a Rule 17(c) Subpoena Duces Tecum (Docket No. 25).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/ John T. Mulcahy
John T. Mulcahy
Dustin Chao
Assistant United States Attorneys
617/748-3641

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/ John T. Mulcahy
John T. Mulcahy

Date: October 23, 2025