UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>STEVEN W. TOMPKINS )<br>    Defendant )<br>) | No. 25-CR-10334-MJJ<br><br>**(Leave to file granted on 10/16/2025, Dkt. 33)** |

**REPLY TO OPPOSITION TO MOTION FOR LEAVE TO SEAL AND PARTIALLY PROCEED *EX PARTE* ON HIS MOTION FOR ISSUANCE OF A RULE 17(C) SUBPOENA DUCES TECUM**

Defendant Steven W. Tompkins, by and through undersigned counsel, hereby respectfully submits this reply to the government's opposition to his Motion for Leave to Seal and Partially Proceed *Ex Parte* on his Motion for Issuance of a Rule 17(c) Subpoena Duces Tecum, Dkt. 41.

This dispute presents the Court with a question that goes to the heart of the adversarial process: whether a defendant's Sixth Amendment right to compulsory process can be exercised without being forced to sacrifice the confidentiality of his trial strategy. The government's opposition to Mr. Tompkins's motion is not, as it purports to be, a defense of procedural regularity. It is, instead, a tactical maneuver designed to accomplish a premature and unwarranted incursion into the core of the defense's case theory.

For the reasons set forth herein, the government's opposition rests on a series of flawed premises. First, the *ex parte* procedure Mr. Tompkins seeks is a constitutionally necessary mechanism, repeatedly endorsed by courts in this District and elsewhere, to protect a defendant's work product and trial strategy from compelled disclosure. Second, the government lacks standing to object to a subpoena directed at a third-party corporate entity in whose records it holds no

1

cognizable legal interest or privilege. Third, Mr. Tompkins's application is a timely, specific, and good-faith effort to obtain essential, non-duplicative evidentiary materials that are critical to preparing a defense against the serious charges he faces. In connection with this response, Mr. Tompkins is submitting to this Honorable Court, *ex parte*, the underlying motion and subpoena to assist in its review. Accordingly, Mr. Tompkins respectfully requests that the Court deny the government's opposition and grant his motion.

### I. An *Ex Parte* Submission is a Constitutionally Necessary Procedure to Protect Privileged Trial Strategy from Premature Disclosure.

Forcing a defendant to divulge the relevance, admissibility, and specificity of documents sought under Rule 17(c) to the government would create an unconstitutional dilemma, pitting the Sixth Amendment right to compulsory process against the protections of the work-product doctrine. As the court in *United States v. Beckford* recognized, a defendant cannot be required to "divulge trial strategy, witness lists or attorney work-product" as the price for exercising his constitutional right to secure evidence in his favor. 1010, 1030 (E.D. Va. 1997) To avoid this constitutional conflict, this Court and others in this District have consistently followed this sound logic, permitting *ex parte* proceedings in cases such as *United States v. Zangrillo*, No. 19-cr-10080-NMG, Dkt. 431 (D. Mass. June 21, 2019) and *United States v. Kaufman*, No. CR 25-30025-MGM, 2025 WL 1994617, at *2 (D. Mass. July 17, 2025) (finding "magistrate judges confronted with this question have uniformly permitted defendants to file such motions on an *ex parte* basis…"); *see also* Dkt. 25 at 2 (collecting cases).

The government's central complaint that Mr. Tompkins's motion is based on "vague, conclusory assertions" is a red herring. Dkt. 41 at 1. The very purpose of the *ex parte* filing is to provide the Court with a detailed, substantive proffer. The defendant need not reveal those exact strategic details to prove that *ex parte* filing is warranted. Indeed, that would defeat the entire

2

purpose of the procedure. Moreover, this Honorable Court, not the government, is the proper and fully capable arbiter of the factors set forth in *Nixon*. *See* Dkt. 25 at 2-3. The government's actual grievance, therefore, is not the defendant's lack of specificity, but its own lack of access to that specificity. This transforms its opposition from a procedural check into a discovery tool. By manufacturing a dispute, the government hopes to compel the defense to disclose the strategic relevance of the requested documents, information to which the government is not entitled to under Rule 16.

If the government's position were to be accepted, it would impose a severe chilling effect on the exercise of Sixth Amendment rights. The right to compulsory process is a cornerstone of a fair trial, guaranteeing a defendant the ability to obtain evidence in his favor. If every attempt to use Rule 17(c) to secure evidence from a third party required a disclosure of the defense's case theory, the right would become a nullity for any defendant wishing to maintain the confidentiality of their strategy. Defense counsel would be systematically deterred from pursuing crucial third party evidence, knowing that the cost would be to hand the prosecution a roadmap of their case. This would fundamentally skew the adversarial process, leaving defendants to rely almost exclusively on what the government chooses to produce in discovery and crippling their ability to mount an independent defense.

    **II.    The Government Lacks Standing to Preemptively Challenge a Rule 17(c) Subpoena Directed to a Third Party.**

The government's opposition also fails as a threshold matter because it lacks the standing to challenge a subpoena issued to a third-party corporate custodian. The general rule is that a party may not move to quash a subpoena directed to a third party unless the moving party can assert a personal right or privilege in the information sought. *See United States v. Nachamie*, 91 F. Supp. 2d 552, 558–60 (S.D.N.Y. 2000) (collecting cases); *United States v. Beckford*, 964 F. Supp. 1010,

1023 (E.D. Va. 1997) (opposing party "will lack standing to challenge a subpoena issued to a third party" in many instances, "because of the absence of a claim of privilege or...proprietary interest...or other interest in the subpoenaed documents."); *United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997) ("a party only has standing to move to quash [a] subpoena issued to another when the subpoena infringes upon the movant's legitimate interests.") Here, the government asserts no such interest. The subpoena is directed to a corporate entity and seeks its business and transactional records. The government does not and cannot claim that it has a privilege, proprietary interest, or personal right in the internal corporate documents of a private company. Its attempt to intervene is therefore an effort to litigate the rights of a third party that is perfectly capable of protecting its own interests. Indeed, the rules explicitly provide the proper mechanism for such a challenge. *See* Fed. R. Crim. P. 17(c)(2) ("On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive"). This right belongs to the recipient of the subpoena, not to the government.

      The government's sole authority for its asserted standing, *United States v. Wittig*, 250 F.R.D. 548 (D. Kan. 2008), is inapposite. The court in *Wittig* did not create a blanket grant of substantive standing for the government to challenge all third-party subpoenas. Rather, it held that the court itself "has an interest in preserving the proper procedure prescribed by the Rules of Criminal Procedure" and that the government, as a party, has a right to be heard on the procedural motion. 250 F.R.D. at 551 (*quoting United States v. Beckford,* 964 F.Supp. 1010, 1025 (E.D.Va.1997). The government's role, if any, is to alert the Court to potential procedural abuse, not to act as a surrogate objector for a third party or to litigate the relevance of a defendant's trial evidence.

**III.     The Defendant's Motion is Both Timely and Necessary for Trial Preparation.**

The government's argument that Mr. Tompkins's motion is "untimely and premature" because a trial date has not yet been set fundamentally misconstrues the purpose of Rule 17(c) and the nature of effective trial preparation. Dkt. 41 at 4. *Nixon* explained that the "chief innovation" of Rule 17(c) "was to expedite trial by providing a time and place ***before trial*** for the inspection of subpoenaed materials". *United States v. Nixon*, 418 U.S. 683, 699 (1974) (emphasis added). Preparation for a complex federal criminal trial is an exhaustive process that must begin long before a trial date is set. The review of business and financial records, the development of defense theories, and the identification of potential witnesses cannot be deferred until the eve of trial. The government's attempt to distinguish *Kaufman* on the grounds that it was closer to trial is a superficial distinction that ignores the defendant's fundamental right to prepare his defense diligently and from the earliest possible moment. Indeed, in *Zangrillo*, the subpoena was issued prior a trial date being set.

Moreover, this subpoena is necessary because the documents sought are not otherwise procurable through the exercise of due diligence. Through the government's discovery productions to date, including those made on October 23, 2025, the defense did not receive the documents its subpoena seeks. The defense is therefore not seeking to duplicate discovery but to obtain essential evidence that is solely in the possession of a third party.

**IV.     Conclusion.**

The procedure proposed by Mr. Tompkins strikes the correct and equitable balance of all competing interests. Mr. Tompkins has requested to file his relevance and specificity arguments *ex parte* to prevent premature disclosure of his trial strategy and requested to seal the Motion and subpoena for a period of at least fourteen days to allow the recipient of the subpoena the

opportunity to review and object to its unsealing. This procedure, which was endorsed by this Honorable Court in *Zangrillo*, fully protects the due process rights of the third-party recipient to challenge the subpoena while simultaneously safeguarding the defendant's trial strategy from the government. This measured approach allows the Court to consider the merits of the defendant's request *ex parte*, issue the subpoena, and then afford the recipient a full and fair opportunity to be heard before any documents are produced or any sensitive information is unsealed.

Respectfully Submitted,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

**CERTIFICATE OF SERVICE**

I, Martin G. Weinberg, hereby certify that on this date, October 25, 2025, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg