UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | No. 25-CR-10334-MJJ |
| STEVEN WAYNE TOMPKINS,<br>     Defendant | ) ) ) ) ) | Leave to File Granted on<br>December 22, 2025 |

## **DEFENDANT'S MOTION TO COMPEL PRODUCTION OF MATERIAL EVIDENCE**

Now comes the defendant Steven Tompkins, by and through undersigned counsel, and respectfully requests that this Honorable Court Order the government, pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i), Local Rules 116.1(c)(1), 116.2, 116.3(a) and (g), and *Brady v. Maryland*, 373 U.S. 83 (1963), to produce evidence material to the defense in this matter.

**I.     Background**

On December 2, 2025, undersigned counsel wrote a letter to the government, attached hereto as Exhibit A, requesting, *inter alia*, the following discovery:

1.  Any and all Search or Seizure Warrants seeking data from Individual "A" or any phone or internet service provider such as Apple, Google, Comcast or any other between the dates of November 2020 and the present

2.  Any data including but not limited to emails, texts, location information, contact information acquired from such Warrants, from any subpoena, or from any other source including from individual "A" or his agent or attorney for the period of September 1, 2019 to the present including but not limited to any communications

1

        between Individual "A" and the following people: the defendant, ▮▮▮▮▮

        ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or that include references

        to the defendant, to the sale of Company "A" shares of stock, to ▮▮▮, or to

        complying with the CCC's PIP or diversity programs

3.    Any bank or other financial records obtained by the Government regarding

        Individual "A" for the time period between November 1, 2020 and July 31, 2023

The government sent a responsive letter on December 16, 2025, attached hereto as Exhibit B, stating in response to all defense requests: "The government denies this request.  That said, the government is aware of its ongoing discovery obligations under the Local Rules, Federal Rules and case law, and will comply with the same."

## II.    Legal Standard

Fed. R. Crim. P. 16(a)(1)(E) requires the government to produce to the defense any item "within the government's possession, custody, or control" that "is material to preparing the defense."  The Supreme Court's *Brady* decision likewise imposes an obligation for the government to produce evidence that is "favorable to an accused" and "material either to guilt or to punishment."  373 U.S. at 87.

"The materiality standard for Rule 16 essentially tracks the *Brady* materiality rule, though some courts have found that materiality under Rule 16 is broader than under *Brady*."  *United States v. Bulger*, 928 F. Supp. 2d 305, 324 (D. Mass. 2013) (citation omitted).  In one respect, Rule 16 imposes a facially broader production demand: unlike *Brady*, it "is not limited to evidence that is helpful to a defendant's case because [i]t is just as important to the preparation of a defense to know its potential pitfalls as to know its strengths."  *United States v. Facteau*, No.

15-CR-10076, 2015 WL 6509120, at *1 (D. Mass. Oct. 28, 2015) (citation omitted); *see also United States v. Brissette*, No. 16-CR-10137, 2020 WL 708034, at *4 n.7 (D. Mass. Feb. 12, 2020) (referring to Rule 16 as "broader than *Brady*'s materiality standard"); *United States v. Murray*, No. 18-CR-30018, 2019 WL 1993785, at *2 (D. Mass. May 6, 2019) ("[U]nlike the Government's *Brady* obligation to disclose exculpatory evidence . . . Rule 16 requires the disclosure of inculpatory and exculpatory evidence alike." (citation omitted)).  In assessing materiality within the meaning of Rule 16, courts have "focused on the usefulness of the evidence to defending the case including the potential for uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Bulger*, 928 F. Supp. 2d at 324 (citation omitted).  In the end, the defendant must show "some indication that the requested discovery will have a significant effect on the defense," not a mere "abstract relationship to the issue presented."  *Id.* (citation omitted).

### III.  Argument

The first defense request sought "[a]ny and all Search or Seizure Warrants seeking data from Individual 'A' or any phone or internet service provider . . . between the dates of November 2020 and the present."  Exhibit A at 1.  While the government's responsive letter does not specify, there is at least a reasonable probability that the government executed a search warrant on Individual A and/or his internet service provider(s).  The affidavits submitted in support of the warrants used to obtain Mr. Tompkins's Comcast and Google accounts made a plausible case of probable cause to believe that two people (Mr. Tompkins and Individual A) allegedly committed a bribery offense together: Individual A as the bribe payor and the person who sold what the government alleges were unregistered securities, and Mr. Tompkins as the alleged payee.  *See*

*generally* Dkt. 39, Suppression Exhibits A and C.  To the extent the government did execute such a search relating to Individual A, Local Rules squarely require it to produce "[a] copy of the search warrant (with supporting application, affidavit, and return)" so long as the search "resulted in the seizure of evidence or led to the discovery of evidence that the government intends to use in its case-in-chief."  Local Rule 116.1(c)(1)(B).  Also, the statements of the FBI affiant constitute potential admissions of a party opponent, *see, e.g.*, *United States v. Kattar*, 840 F.2d 118, 131 (1st Cir. 1988), and to the extent they address the subject matter of the alleged offense are material to the defense, with the potential "for uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Bulger*, 928 F. Supp. 2d at 324 (citation omitted).

      The second defense request sought "communications between Individual 'A' and . . . the defendant, ▮▮▮▮ or that include references to the defendant, to the sale of Company 'A' shares of stock, to ▮▮▮, or to complying with the CCC's PIP or diversity programs," from September 2019 through the present.  Exhibit A at 1-2.  Communications between Individual A, the single witness alleging extortion by Mr. Tompkins, and the foregoing individuals are material to the defense within the meaning of Rule 16.  All named individuals were, during the relevant time period, business associates of Individual A (and, in some cases, Mr. Tompkins as well).  Individual A's contemporaneous communications with these individuals will show whether, in the ordinary course of his business, political, or friendship dealings, Individual A ever communicated the current claim that Mr. Tompkins had extorted him and, if so, just how the defendant and his communications were being characterized and described by Individual A.  If Individual A made

no such contemporaneous statements, that would be powerful exculpatory evidence. *Cf. Brissette*, 2020 WL 708034, at *5 ("[O]ne would reasonably expect that—upon leaving a stunning meeting at which public officials extorted him to hire union personnel for a festival beginning days later by threatening that, if he failed to do so, they would prevent the festival from going forward and/or sabotage [CEO's] attempts to secure an extension needed to satisfy . . . investors and keep the company in business—[CEO] would call his cousin, business advisor, majority investor, and most active board member to discuss how best to proceed."). Similarly, to the extent that the communications show that Individual A and his associates remained active political allies of Mr. Tompkins, such evidence would substantially undermine the allegation that Individual A was extorted. Individual A's communications regarding Company A stock and compliance with the CCC's PIP requirements go to the heart of the government's case and are material to the defense. Delaying disclosure of these potentially voluminous communications until the eve of trial would create a predictable risk of continuance.

The third defense request was for "[a]ny bank or other financial records obtained by the Government regarding Individual 'A' for the time period between November 1, 2020 and July 31, 2023." Exhibit A at 2. The pending charges against Mr. Tompkins rest, in large part, on a series of financial transactions, which the government contends were part of an extortionate scheme. *See* Dkt. 1 ¶ 22a (alleging $50,000 wire from Mr. Tompkins's "retirement account to an account controlled by Individual A"), ¶ 28 (alleging "refund[]" of $50,000 investment via a series of five checks, some of which the government alleges were falsely characterized as "loan repayment" or "[company] expense"). The financial records of the defendant have been disclosed but not parallel financial and bank records in the government's possession relating to

5

Individual A.  Individual A's bank records were also expressly relied upon in the applications for search warrants in this case.  *See* Dkt. 39, Suppression Exhibits A and C ¶ 24 ("At the time of" the $50,000 "payment, bank records for [Individual A] and [his company] gave no indication that either party was in financial distress or seeking loan financing."), ¶ 34 (alleging that Individual A and his company's "bank accounts both boasted November 2020 bank balances in excess of $150,000 and $70,000, respectively").  In these circumstances, the defense is entitled to the requested discovery to test the government's allegations at trial and, at minimum, to evaluate the veracity of the government's allegations in support of its applications for search warrants.  *See Franks v. Delaware*, 438 U.S. 154 (1978).

## IV.     Conclusion

For the foregoing reasons, the defense respectfully requests that this Honorable Court Order the government to produce the material evidence set forth herein.

### COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Undersigned counsel conferred with the government, and the government opposes the relief requested in this Motion.

Respectfully Submitted,
STEVEN TOMPKINS
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: December 22, 2025

## CERTIFICATE OF SERVICE

    I, Martin G. Weinberg, hereby certify that on this date, December 22, 2025, a copy of the foregoing document has been served via hand-delivery on the government.

                                               **/s/ Martin G. Weinberg**
                                               Martin G. Weinberg, Esq.