UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN WAYNE TOMPKINS<br><br>    Defendant | CRIMINAL No. 25-CR-10334-MJJ |

**OPPOSITION TO MOTION TO COMPEL**

Now comes the United States and hereby opposes the defendant Steven Wayne TOMPKINS's Motion to Compel (Docket No. 73). The Court should deny the motion.

The defendant <u>first</u> demands that the government produce any and all search warrants "seeking data from Individual 'A' or any other phone or internet service provider such as Apple, Google, Comcast or any other between the dates of November 2020 and the present." The government is not required under the discovery rules to answer what are essentially interrogatories by the defendant. Rather, the discovery rules and case law require the government to produce discoverable information. The First Circuit has articulated that the government, *not* the defendant, has "primary authority" over determining whether materials in the government's possession must be disclosed. *See United States v. Prochilo*, 629 F.3d 264, 270 (1st Cir. 2011) ("In sum, the district court's approach shifted from the government to the defendant the primary authority to assess whether material in the government's possession must be disclosed, and in doing so endorsed a broad rule of discovery in criminal cases; *Brady* permits neither."); *United States v. Ruiz-Ruiz*, 2025 WL 2355810, at *5 (D.P.R. Aug. 14, 2025) (*Brady* does not entitle a defendant to obtain all of the evidence or information that the government has

compiled in the course of its investigation.") (internal citations and quotations omitted). As to this request, the government is aware of its continuing discovery obligations under the case law and Rules, and will comply with those requirements.

The defendant's second demand for witness statements is untimely. Under the Jencks Act, 18 U.S.C. § 3500, the defendant is entitled to statements of a government witness *after* the witness has testified on direct examination at trial. First Circuit case law has repeated the essential position of Jencks that the government is required to produce statements of only those individuals that the government has called as witnesses and statements that relate to the witness's testimony. *See United States v. Grandmont*, 680 F.2d 867, 874 (1st Cir. 1982) ("A court may not compel the disclosure of statements of Government witnesses before the conclusion of their direct testimony."); *United States v. Mazzola*, 2002 WL 35649506, at *1 (D. Mass. Mar. 12, 2002) (holding that "there is no discretion for early production" of Jencks materials).

The defendant's request is untimely and premature. A trial date has not even been set yet; the government will produce witness statements in due time in accordance with the Rules and case law. The defendant is not entitled to any such statements by the individuals identified by him until the appropriate time when and if they those individuals are called as government witnesses in accordance with the Jencks Act.

The defendant's third request for "[a]ny bank or other financial records obtained by the Government regarding Individual 'A' for the time period between November 1, 2020 and July 31, 2023" is overbroad and not material. In accordance with Rule 16, the government is obligated to provide "papers, documents, data, [and] tangible objects . . . within the government's possession, custody, or control" and "(i) the item is material to preparing the

defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." *See* Fed. R. Crim. P. 16(a)(1)(E).

The defendant argues that his third request fits under category (i).  But the defendant has plainly not met his burden to show that any such financial records related to Individual A are "material to preparing the defense."  A showing of materiality requires "some indication that pretrial disclosure of the information sought would have enabled the defendant significantly to alter the quantum of proof in his favor." *United States v. Goris*, 876 F.3d 40, 45 (1st Cir. 2017) (internal quotations omitted).  The defendant bears the burden of showing materiality, *id.* at 44, and such a discovery demand cannot be "grounded in a speculative theory." *See id.* at 45.  The *Bulger* case cited by the defendant himself also emphasizes his burden of showing "some indication that the requested discovery will have a significant effect on the defense" and not a mere "abstract relationship to the issue presented." *See* Defendant's Memo at 3 (citing *United States v. Bulger*, 928 F. Supp. 2d 305, 324 (D. Mass. 2013)).

The defendant merely claims that "the defense is entitled to the requested discovery to test the government's allegations at trial."  However, the defendant's assertion is nothing more than bald-faced, "speculative theory" - he has not given the government nor the Court any authority as to how financial records of Individual A will "significantly . . alter the quantum of proof in his favor."  The defendant seeks information without any substantive showing of its relevance, which is a threshold requirement for his demand.  Such a demand is countervailed by the government's interest in protecting the privacy interests of Individual A from disclosure of materials that are not discoverable under the Local or Federal Rules, or case law otherwise.[1]  To

---

[1] The Court should be aware that the government has produced discovery in accordance with category (ii) in making at least four discovery disclosures to date, including sets of grand jury exhibits for six different individuals who testified before the grand jury, and grand jury

the extent the defendant argues that financial records for Individual A constitute *Brady* material, he has failed his high burden of showing that the information is potentially exculpatory and material to his defense.  *See United States v. Caro-Muniz*, 430 F.3d 22, 29 (1st Cir. 2005).  The defendant is not afforded a right "to conduct an *in camera* fishing expedition through the government's files."  *See id.* (internal citations and quotations omitted).  Here, the defendant is clearly engaged in a fishing expedition without showing that the materials sought are relevant, material or potentially exculpatory.  The request should be denied.

## CONCLUSION

For all of the reasons stated above, the government respectfully requests that the Court deny the defendant's Motion to Compel (Docket No. 73).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:     */s/ John T. Mulcahy*
John T. Mulcahy
Dustin Chao
Assistant United States Attorneys
617/748-3641

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

By:     */s/ John T. Mulcahy*
Assistant United States Attorney

Date: January 5, 2026

---

subpoena responses for numerous financial institutions, telephone companies and other businesses.  These documents include records that the government intends to use in its case-in-chief.