UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| ) | |
| UNITED STATES OF AMERICA        ) | |
| ) | |
| v.                              ) | No. 25-CR-10334-MJJ |
| ) | |
| STEVEN WAYNE TOMPKINS,          ) | |
|     Defendant        ) | |
| ) | |
| _____ ) | |

### DEFENDANT'S RENEWED MOTION FOR LEAVE TO FILE MOTION *IN LIMINE* PARTIALLY UNDER SEAL

Now comes the defendant Steven Tompkins, by and through undersigned counsel, and pursuant to this Court's Order, Dkt. 100, respectfully submits this Renewed Motion for Leave to File his Motion *in Limine* Partially Under Seal.  At the time of its initial request, the defense did not have the benefit of knowing the government's position regarding its motion.  In light of the government's objection under *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013) and this Court's Order, the defense has narrowed its request for sealing to relate only to two sentences from an exhibit and one sentence from the Motion quoting the exhibit which concern alleged ethical violations that were not included in any disposition agreement between Mr. Tompkins and the State Ethics Commission or in the government's Indictment in this case.

The exhibit, a Preliminary Inquiry notice, is not a matter of public record.  *See* M.G.L. ch. 268B, § 4.  The defense respectfully submits that public disclosure of exhibits reflecting allegations that failed to satisfy even the civil preponderance of the evidence standard applied in the state ethics proceedings runs the risk of generating publicity regarding these utterly untested

(and, in any event, irrelevant) allegations.  It is worth noting in this regard that this case and Mr. Tompkins have been the subject of significant media scrutiny.[1]

To provide more detail regarding the precise nature of the allegations in a public filing would be to eliminate the need for sealing.  Accordingly, Mr. Tompkins will provide to the Court for provisional filing under seal a full unredacted copy of his Motion and exhibits, as well as copies reflecting his proposed redactions, so that the Court may determine whether sealing of the redacted portions is appropriate.

Respectfully Submitted,
STEVEN TOMPKINS
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: July 16, 2026

### CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, July 16, 2026, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.

---

[1] *See, e.g.*, https://www.bostonglobe.com/2026/03/03/metro/judge-rejects-suffolk-sheriff-tompkins-motion/; https://www.bostonglobe.com/2025/11/18/metro/sheriff-steve-tompkins-extortion-charges-motion-dismiss/; https://www.bostonglobe.com/2025/09/12/metro/sheriff-steve-tompkins-cannabis-investment/.