UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL No. 25-CR-10334-MJJ |
| STEVEN W. TOMPKINS, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE THE DEFENDANT FROM
INTRODUCING EVIDENCE NOT PREVIOUSLY PRODUCED**

The United States hereby moves *in limine* to preclude the defendant from introducing

evidence that was not produced pursuant to Rule 16(b)'s reciprocal discovery obligations or Rule

26.2's requirement to produce prior statements of defense witnesses.

**A.  Rule 16(b) Reciprocal Discovery**

Pursuant to Fed. R. Crim. P. 16(b), the defendant is required to disclose "books, papers,

documents, data, photographs, [or] tangible objects … [if] the defendant intends to use the item in

the defendant's case-in-chief at trial," as well as any reports of examinations and tests, and a

written summary of "the information … for any testimony that the defendant intends to use under

Federal Rule of Evidence 702, 703, or 705" pertaining to expert witnesses.   If a defendant fails to

comply with the rule, the court may "prohibit [the defendant] from introducing the undisclosed

evidence."  Fed. R. Crim. P. 16(d)(2)(C).  *See also United States v. Rodriguez Cortes*, 949 F.2d

532, 546 (1st Cir. 1991) ("It is within the trial court's discretion to exclude evidence for non-

compliance with 16(b)(1)(A).").  Evidence presented by a defendant that is "beyond the subject

matter of the direct examination and matters affecting the witness's credibility," is considered part

of a defendant's case in chief, even if offered on cross examination of a government witness. *See United States v. Condron*, No. 17-cr-10243-IT, 2021 WL 3055010, at *2 (D. Mass. July 20, 2021).

As of the date of this filing, the defendant has produced approximately 500 pages of reciprocal discovery, has not produced any reports of examination or tests, and has not identified any expert witness. Thus, the defendant should not be permitted to introduce any evidence not included in the prior 500-page production, any reports of examination, or call any expert witness at trial.

### B. Rule 26.2 Witness Statements

Additionally, Rule 26.2 requires that after a witness other than the defendant has testified, the court, on motion of the government, must order an attorney for the defendant to produce any statement of that witness in their possession. Jencks Act statements need not be produced by the government or defendant until after a witness has testified. However, the government produced witness statements on July 2, 2026, more than 50 days in advance of trial, consistent with the Court's trial scheduling order. In order for the government to have time to review any defense witness statements prior to cross examination without causing a delay during trial, the government requests that the defendant be ordered to produce any witness statements prior to the beginning of trial. *See United States v. Sims*, 808 F. Supp. 607 (N.D. Ill. 1992) (granting government's motion for defense witness statements to be produced before trial where government agreed to produce its witnesses' statements prior to trial in the "interest of the speedy administration of justice").

### C. Conclusion

For the reasons explained above, the government respectfully requests that the Court preclude the defendant from introducing evidence not previously produced in reciprocal discovery, and order the defendant to produce any witness statements prior to trial.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Date:  July 16, 2026

By:     /s/ Lauren Maynard
Dustin Chao
Lauren Maynard
Assistant U.S. Attorneys

## **CERTIFICATE OF SERVICE**

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


/s/ Dustin Chao
Dustin Chao
Assistant United States Attorney


Dated:  July 16, 2026