UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 25-CR-10334-MJJ |
| | ) | |
| STEVEN WAYNE TOMPKINS, | ) | |
|       Defendant | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE THE USE OF LAW ENFORCEMENT AGENT INTERVIEW REPORTS OR NOTES FOR IMPEACHMENT OF GOVERNMENT WITNESSES**

Now comes the defendant Steven Tompkins, by and through undersigned counsel, and hereby respectfully submits this Response to the government's Motion *In Limine* to Preclude the Use of Law Enforcement Agent Interview Reports or Notes for Impeachment of Government Witnesses.

The Jencks Act sets a standard of disclosure, not admissibility. Accordingly, whether or not reports or notes of witness interviews are within the Jencks Act does not govern whether and how the defense may use such materials in cross-examination at trial. The defense has requested, but not yet received, from the government handwritten notes from its most critical witness interviews.

As the government acknowledges, the defense is undoubtedly permitted to "use" the interview reports to some degree on cross-examination. The defense does not intend to improperly "publish[] the contents of interview reports to the jury." Dkt. 112 at 3. But counsel must, of course, be permitted "to ask a witness whether he or she made a statement that is

1

reflected in [a] report." Dkt. 112 at 3. This includes, contrary to the government's suggestion, the right to "read[] portions of [an] interview report . . . in the form of a question posed to the witness . . . ." Dkt. 112 at 3. Indeed, the government fails to recognize that the First Circuit has expressly rejected a prior government attempt to "impose [a] strict rule against . . . referring to or reading from [an FBI] Form 302 without showing that [the witness] signed or adopted it . . . ." *United States v. Matta-Quinones*, 140 F.4th 1, 24 (2025).

Not all FBI interview reports are filtered "through the lens of the agents' own thought processes, interpretations, and impressions." Dkt. 112 at 2. Often, the reports repeat at least some statements made by witnesses verbatim. Such factual statements are not subjective or opinions. The defense has a right to ask a witness to adopt the contents of the interview reports, which necessarily involves reading statements attributed to the witness.

The defense has the right to ask Mr. Perullo questions based on the content of the FBI § 3500 statements and if he fails to adopt the factual accuracy of the statement contained therein to call the FBI agent as a rebuttal witness. The defense has the right to assume that experienced FBI agents did not falsify or mistake the content of factual statements elicited from witnesses during proffers or immunized debriefings such as occurred with Mr. Perullo during this investigation.

<div style="margin-left:50%">

Respectfully Submitted,
STEVEN TOMPKINS
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
Mass. Bar No. 519480
20 Park Plaza, Suite 1000

</div>

Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: July 23, 2026

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, July 23, 2026, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.

3