UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 25-CR-10334-MJJ |
| | ) | |
| STEVEN WAYNE TOMPKINS, | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S PROPOSED VOIR DIRE**

The defendant respectfully objects to the Government's proposed Questions 3, 8, and 25

and respectfully requests that the Court omit or revise those questions as follows:[1]

**1. Question 3:**

The defendant objects to Question 3 because it presents the Government's disputed theory

of the case as established fact. In particular, the question tells prospective jurors that Mr. Tompkins

"extorted" Francis Perullo to sell him "shares of Ascend company stock" in exchange for the

Suffolk County Sheriff's Department "agreeing to maintain a partnership" with Ascend. Whether

Mr. Tompkins sought or received anything in exchange for an agreement to maintain that

relationship is a centrally disputed issue for the jury. The proposed question therefore risks

previewing and validating the Government's theory before the presentation of any evidence. The

question is also potentially misleading because the transaction involved an ownership interest in a

separate holding company rather than a direct purchase of Ascend stock. If the Court believes that

---

[1] The defense's proposed revisions to the Government's questions, reflected through underlining and strikethroughs, are attached as Exhibit A.

a description of the allegations is necessary, the defense respectfully requests neutral language such as:

This is a criminal case involving allegations by the prosecution that the defendant Steven Tompkins – who is the Suffolk County Sheriff – committed extortion in connection with a $50,000 investment related to a cannabis company and an existing employment referral relationship between that company and the Suffolk County Sheriff's Department that he headed. Mr. Tompkins has pleaded not guilty and disputes those allegations. Is there anything about the nature of the charges that would keep you from being able to sit as a fair and impartial juror in this case?

2.  **Question 8:**

The defense respectfully objects to Question 8 as incomplete and one sided. The proposed question tells prospective jurors what the Government is *not* required to prove and asks whether they would hold the Government to a higher standard. It does not advise them of the presumption of innocence, the Government's heavy burden, the requirement that the Government prove every element beyond a reasonable doubt, or the fact that the burden never shifts to the defendant.

Any voir dire instruction on reasonable doubt should be balanced and consistent with First Circuit Pattern Criminal Jury Instruction 3.02, including its treatment of the presumption of innocence. The defense respectfully proposes the following alternative tracking the substance of First Circuit Pattern Criminal Jury Instruction 3.02:

It is a cardinal principle of our system of justice that every person accused of a crime is presumed innocent unless and until the Government establishes that person's guilt beyond a reasonable doubt. The presumption of innocence is not a mere formality; it is a matter of the most important substance and remains with the defendant throughout the trial. The Government bears the heavy burden of proving every element of each charge beyond a reasonable doubt. That burden never shifts to the defendant, who is not required to prove his innocence or present any evidence. Although the Government is not required to prove the guilt of any defendant beyond all possible doubt, it must prove guilt beyond a reasonable doubt. Is there anyone who would be unable to apply these principles fairly and faithfully?

2

3. **Question 25:**

The defense respectfully objects to Question 25 because it improperly dilutes the caution that jurors are entitled, and will be instructed, to exercise when evaluating testimony given pursuant to an immunity agreement. By asking whether the existence of immunity would make it "difficult" for a juror to consider the testimony fairly, the proposed question risks suggesting that appropriate skepticism toward an immunized witness reflects unfairness or bias.

First Circuit Pattern Criminal Jury Instruction 2.08 provides that, although some immunized or cooperating witnesses are entirely truthful, their testimony should be considered "with particular caution" because they may have a reason to fabricate or exaggerate to help themselves. Accordingly, the defense proposes the following modification to the question, which is consistent with First Circuit Pattern Criminal Jury Instruction 2.08 and recognizes that immunized testimony must be examined with particular caution:

A witness in this case cooperated with the government in return for an immunity agreement Although a person who receives immunity may testify truthfully, you should consider that witness's testimony with particular caution and determine whether it may have been affected by the witness's interests, any benefits received from the Government, or a desire to help himself. Would anyone be unable to evaluate the witness's testimony fairly in accordance with those principles?

Respectfully Submitted,
STEVEN TOMPKINS
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: July 23, 2026

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, July 23, 2026, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.

EXHIBIT A

**Question 3:**

This is a criminal case involving allegations <u>by the prosecution</u> that the defendant Steven Tompkins – who is the Suffolk County Sheriff – <u>committed extortion in connection with a $50,000 investment related to a cannabis company and an existing employment referral relationship between that company and the Suffolk County Sheriff's Department that he headed. Mr. Tompkins has pleaded not guilty and disputes those allegations.</u> ~~extorted Francis Perullo, who ran a cannabis company called Ascend Wellness Holdings ("Ascend"), to sell the defendant shares of Ascend company stock in exchange for the Suffolk County Sheriff's Department agreeing to maintain a partnership with Ascend. The partnership provided that the Sheriff's Department would refer inmate candidates to Ascend to hire as employees. This partnership was part of Ascend's "Positive Impact Plan," which was a requirement to obtain and maintain a license in Massachusetts as a marijuana retailer.~~ Is there anything about the nature of the charges that would keep you from being able to sit as a fair and impartial juror in this case?

**Question 8:**

<u>It is a cardinal principle of our system of justice that every person accused of a crime is presumed innocent unless and until the Government establishes that person's guilt</u> ~~For you to find a defendant guilty, the United States must prove that the defendant is guilty~~ beyond a reasonable doubt. <u>The presumption of innocence is not a mere formality; it is a matter of the most important substance and remains with the defendant throughout the trial. The Government bears the heavy burden of proving every element of each charge beyond a reasonable doubt. That burden never shifts to the defendant, who is not required to prove his innocence or present any evidence. Although the Government</u> ~~The United States~~ is not required to prove the guilt of any defendant beyond all possible doubt<u>, it must prove guilt beyond a reasonable doubt. Is there anyone who would be unable to apply these principles fairly and faithfully?</u> ~~The law recognizes that the human mind can always conceive of some doubt as to any proposition. Is there anyone who would require the United States to prove its case beyond all doubt before they could vote for a guilty verdict?~~

**Question 25:**

A witness in this case cooperated with the government in return for an immunity agreement. ~~Would that fact make it difficult for you to fairly and impartially consider their testimony?.~~ <u>Although a person who receives immunity may testify truthfully, you should consider that witness's testimony with particular caution and determine whether it may have been affected by the witness's interests, any benefits received from the Government, or a desire to help himself. Would anyone be unable to evaluate the witness's testimony fairly in accordance with those principles?</u>

5