UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL No. 25-CR-10334-MJJ |
| STEVEN W. TOMPKINS, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO ADMIT EXHIBITS**

The United States of America, through the undersigned attorneys, hereby submits this opposition to the defendant's motion to admit exhibits (ECF 147).

As an initial matter, the government withdraws its objections to Exhibits VV (given the corrected date set forth in the defendant's motion), WW, XX, ZZ, AAA, CCC, EEE, and KKK (if the defendant can lay a proper foundation at trial; it is unclear from the face of the document that it is an Ascend business record).[1]

**ARGUMENT**

The government's arguments supporting the majority of its objections to the defendant's exhibits have been fully briefed as set forth in its motion to exclude reverse 404(b) evidence (ECF 139) and its reply in support (ECF 144-1, *pending leave to file*), and need not be repeated. The government maintains those objections and incorporates those arguments herein by reference.

[1] The defendant represents that he will redact the objectionable portion of exhibit YY (ECF 147 at 2 n.1). However, once redacted, that message is simply an incomplete version of the message included at unobjected-to Exhibit 272. Therefore, the government does not withdraw its objection.

**1. Exhibit UU is hearsay**

The government maintains that Exhibit UU contains inadmissible hearsay. The defendant's argument in opposition defeats itself. He claims that "the mere fact that Mr. Perullo was … calling [defendant] a dear friend of 20 years at the same time he now claims Mr. Tompkins was extorting him is, standing alone, powerful exculpatory evidence." ECF 147 at 3. Of course, that evidence is "powerful" only if offered to show that Perullo meant what he said. Thus, the statement – offered for its truth – is hearsay and is not admissible.

**2. Ms. Cabral's relationship with and opinion of the defendant is irrelevant**

As explained in the government's motion to exclude reverse 404(b) evidence, Ms. Cabral's personal knowledge and opinions regarding the defendant's commitment to reentry programs has nothing to do with *Perullo's* state of mind. The defendant continues to baldly assert that Ms. Cabral's personal opinion of the defendant can be imputed to Perullo. It cannot. *See, e.g.*, *United States v. Dawkins*, 999 F.3d 767, 792 (2d Cir. 2021). Nor is Ms. Cabral's relationship with the defendant relevant. The defendant claims it is "relevant to whether or not Mr. Tompkins … made extortionate threats to harm her business," but as the government has explained, it need not prove that the defendant acted any differently than he would have without receiving the extorted benefit. *See City of Columbia v. Omni Outdoor Adver.*, 499 U.S. 365, 378 (1991). Thus, whether or not he would have followed through on the threat is irrelevant.

**3. The Boston Globe article is not admissible**

With respect to the Boston Globe article (Ex. III), even assuming the defendant read the article, his knowledge of Ms. Cabral's "*long-term* vision" has no relevance to whether he used the continuation of the *existing* partnership to obtain risk-free equity from Perullo. Further, the article is classic hearsay. The article contains multiple statements from the defendant regarding the SCSD

partnership with Ascend. The defendant's own out-of-court statements regarding the partnership cannot be offered for their truth. *See, e.g.*, *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985) (Rule 801(d)(2)(A) does not permit "the introduction of self-serving statements by the party making them").

**4. The CCC subpoena and response are irrelevant (Exs. LLL and MMM)**

The defendant's subpoena to and corresponding response from the CCC regarding other companies' compliance with the PIP requirement are completely irrelevant. Other companies' compliance with the PIP requirements have absolutely nothing to do with Ascend's partnership with the SCSD, or Ascend's own compliance with the program. It does not make it any more or less probable that the defendant extorted Perullo using the Ascend-SCSD partnership.

The defendant argues that the exhibits "undermine[] the government's allegation …. that Mr. Perullo reasonably feared economic harm," and notes the government's exhibits showing the stringency of the CCC licensing requirements. This argument fails for multiple reasons. First, the fact that other companies were compliant with the requirement does not undermine the fact that compliance was required, and that Perullo feared being out of compliance. Moreover, there is no evidence that Perullo was aware of other companies' compliance—a fact that the defendant learned only through issuance of a subpoena several years after the alleged extortion. Finally, to prove extortion under color of official right, the government need only show that the defendant obtained property to which he was not entitled, knowing that it was in exchange for official acts. There is no requirement that those official acts were effective at achieving the desired purpose, or that they actually influenced a third party. In fact, the government is not required to prove that the public official ever actually performed the official act. *See McDonnell v. United States*, 136 S.Ct. 2355, 2359 (2016).

Respectfully submitted,
LEAH B. FOLEY
United States Attorney

Date: August 17, 2026 By: */s/ Lauren Maynard*
Dustin Chao
Lauren Maynard
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Lauren Maynard*
Lauren Maynard
Assistant United States Attorney

Dated: August 17, 2026