UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN WAYNE TOMPKINS,<br>Defendant | ) | No. 25-CR-10334-MJJ |

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

Now comes the defendant Steven Tompkins, by and through undersigned counsel, and, pursuant to Fed. R. Crim. P. 29(a), hereby respectfully moves this Honorable Court for a judgment of acquittal on both counts of Hobbs Act extortion pending against him on the grounds that the government has failed to meet its constitutional obligation to prove each of the essential elements beyond a reasonable doubt.[1]

The deficiencies in the government's proof regarding its theory of extortion under color of official right include:

1. Insufficient evidence that Mr. Tompkins agreed to exchange any official act for payment, as required to prove *quid pro quo* bribery.

2. Insufficient evidence that Mr. Tompkins acted with the "corrupt intent" to exchange his official acts for payment.

[1] In the interest of clarity, this Motion constitutes a general challenge to the sufficiency of the evidence and the specific deficiencies enumerated herein are merely illustrative. *See United States v. Marston*, 694 F.3d 131, 134-35 (1st Cir. 2012).

3. Insufficient evidence that Mr. Tompkins took any official act after he entered into an alleged agreement with Mr. Perullo to do so, as is required to support conviction for bribery as opposed to illegal gratuities which are undisputedly beyond the scope of the Hobbs Act. *See, e.g.*, *Snyder v. United States*, 603 U.S. 1 (2024).

4. Insufficient evidence that Mr. Tompkins took or agreed to take any specific official act cognizable under the Supreme Court's decision in *McDonnell v. United States*, 579 U.S. 550 (2016).

5. Insufficient evidence that Mr. Tompkins knew he was not legally entitled to receive the items of value provided by Mr. Perullo.

The deficiencies in the government's proof regarding its theory of extortion by fear of economic loss include:

1. Insufficient evidence to support any reasonable fear on Mr. Perullo's part that economic loss would result from the hypothetical termination of the SCSD's relationship with Ascend.

2. Insufficient evidence that Mr. Tompkins intended to exploit or cause fear in Mr. Perullo.

3. Insufficient evidence that Mr. Tompkins's receipt of an interest in Mr. Perullo's company or subsequent refund was wrongful.

4. Insufficient evidence that Mr. Tompkins knew he was not legally entitled to receive the items of value provided by Mr. Perullo.

For the foregoing reasons, Mr. Tompkins respectfully requests that this Honorable Court enter a judgment of acquittal on both counts pending against him.

Respectfully Submitted,
STEVEN TOMPKINS
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: September 1, 2026

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, September 1, 2026, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.